UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN FREDERICK WHEELER,<br><br>             Plaintiff,<br><br>     v.<br><br>ASHWIN PATEL, et al.,<br><br>             Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:12-cv-00446- AWI- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE THE COMPLAINT<br><br>(Doc. 3)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1-2) |

John Frederick Wheeler ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an action for violations of his civil rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 2000a. Plaintiff filed a motion for permission to file the complaint (Doc. 3), which is **GRANTED**. However, for the following reasons, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without leave to amend.

I.  **MOTION TO PROCEED IN FORMA PAUPERIS**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

1

U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.[1] *See* 28 U.S.C.§ 1915(e)(2).

## II.   SCREENING REQUIREMENT

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the

---

[1] Previously, Plaintiff has filed numerous non-meritorious lawsuits in this district. *See, e.g., Wheeler v. Payless Towing*, No. 1:09-cv-1829-LJO-SMS, 2010 U.S. Dist. LEXIS 1684 (E.D. Cal. Jan. 11, 2010) (dismissed for failure to state a claim); *Wheeler v. Healthy Smiles*, No. 1:09-cv-1772-OWW-SKO, 2010 U.S. Dist. LEXIS 125232 (dismissed with prejudice for failure to state a claim upon which relief could be granted and failure to obey the court's order); *Wheeler v. United States,* No. 1:11-cv-1045-LJO-JLT, 2011 U.S. Dist. LEXIS 85366 (E.D. Cal. Aug. 3, 2011) (dismissed with prejudice for lack of jurisdiction); *Wheeler v. Bakersfield City*, No. 1:11-cv-1832-LJO-JLT, 2011 U.S. Dist. LEXIS 141203 (E.D. Cal. Dec. 8, 2011) (dismissed with prejudice as barred by the doctrine of res judicata); *Wheeler v. Bank of America*, No. 1:11-cv-1270-LJO-JLT, 2012 U.S. Dist. LEXIS 8522 (E.D. Cal. Jan. 25, 2012) (dismissed with prejudice for failure to state a claim); *Wheeler v. Silver Chair*, No. 1:12-cv-0260-LJO-JLT, 2012 U.S. Dist. LEXIS 32851 (E.D. Cal. Mar. 12, 2012) (motion to proceed IFP denied, and complaint dismissed without leave to amend for failure to state a claim). **Consequently, Plaintiff has been warned– and is here warned again– that repeated filing of cases lacking merit may result in the Court ordering Plaintiff to show cause why he should not be declared a vexatious litigant and pre-filing restrictions be imposed**. *See De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990).

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### III. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief;

3

conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV. PLAINTIFF'S ALLEGATIONS

Plaintiff, a white male, alleges racial discrimination by Wible Pharmacy and gender discrimination by Hall Ambulance Service. (Doc. 1 at 4, 9). Plaintiff alleges he has had difficulty getting his prescription medication from Wible Pharmacy, although he was informed they were having difficulty getting the charges approved by Kern Family Health. *Id.* at 1, 5. He contends Wible Pharmacy is owned by Ashwin Patel, who Plaintiff believes is Indian "and not of the same race as the plaintiff." *Id.* at 4. Plaintiff alleges there are three Hispanic employees at Wible Pharmacy, and he believes a white truck driver was fired. *Id.* In addition, Plaintiff alleges:

> [E]very time he has went into Wible Pharmacy with a new pasription [sic] to be filled if a Hispanic person comes in after Plaintiff the pharmacy personale [sic] would fill that persons perscrition [sic] leeving [sic] Plaintiff waiting. And every time Plaintiff calls Wible Pharmacy after giving his name he is put on hold for not less than twenty [sic] minits [sic].

*Id.* Therefore, Plaintiff concludes Wible Pharmacy is "discriminating against him because he is white." *Id.*

According to Plaintiff, he took the last pill of his prescription heart medication on November 18, 2011, and requested a refill from Wible Pharmacy. (Doc. 1 at 8). On November 23, 2011, he called to inquire about the refill, and was told they still had not heard from Plaintiff's doctor. *Id.* Feeling a severe pain in his right shoulder, which he believed was heart-related, Plaintiff called 9-1-1 at 3:37 p.m. on November 23. *Id.* Plaintiff alleges a Kern County Fire Truck arrived shortly after the call, followed by a Hall ambulance. *Id.* at 9. Plaintiff contends the ambulance attendants were both female, and "discriminated against him because of his sex because he is a man and they are women." *Id.* (emphasis omitted).

Plaintiff asserts the ambulance attendants questioned him, and "the older of the two seemed a bet [sic] rude to plaintiff like he was doing something [w]rong in calling an ambulance." (Doc. 1 at 9). He alleges, "The older [H]all ambulance attendant seeme[d] like she though plaintiff was ling [sic],"

4

while the younger attendant seemed to be bored "like she did [] not want to be doing what she was doing." *Id.* at 10. The older attendant said she believed the pain was muscle-related and started feeling around his shoulder roughly, though Plaintiff believed she should have immediately taken his vital signs, pulse, and blood pressure, rather than waiting to do so. *Id.* He believes they were a little rough in loading the gurney into the ambulance, and the driver turned some corners roughly, "causing plaintiff to fear he might fall over." *Id.* In addition, Plaintiff asserts the attendants were a little rough when unloading his gurney at the hospital. *Id.* at 11. According to Plaintiff, they would have given him better treatment if he was a woman. *Id.* at 9.

## V.     DISCUSSION AND ANALYSIS

### A.     Discrimination under 42 U.S.C. § 1983

Section 1983 is "a method for vindicating federal rights elsewhere conferred" and does not provide substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In pertinent part, Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

Here, Plaintiff has identified the owner of Wible Pharmacy (Ashwin Patel) and the founder and president of Hall Ambulance Services (Harvey Hall) as defendants. However, as a general rule, private parties do not act under the color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991). Thus, a plaintiff pursuing a claim under Section 1983 must show that a defendant's actions are attributable to the government, which requires a showing of significant state involvement in the

action in question. *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002). However, Plaintiff fails to present any factual allegations to support a finding that defendants are state actors.[1]

In addition, Plaintiff does not allege any conduct *by the defendants* that violated federal, state, or local laws. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (a plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Finally, Plaintiff has not demonstrated the Court has jurisdiction under Section 1983 over these individuals. As a result, the Court recommends Plaintiff's Section 1983 claims for sex discrimination and racial discrimination be dismissed.

**B.     Discrimination in public accommodations under 42 U.S.C. §§ 2000a,** *et seq*

Title II of the Civil Rights Act of 1964 ("Title II"), set forth in 42 U.S.C. §§ 2000a, *et seq*, prohibits discrimination by state actors in places of public accommodation on the basis of race, color, religion, or national origin. *See* 42 U.S.C. §§ 2000a-1, 2000a-2 (proscribing discrimination and segregation on the basis of "race, color, religion, or national origin" by state actors, and prohibiting deprivation of an individual's right not to be subjected to such discrimination).

As discussed above, the bus company and its owner are *private* actors, and Plaintiff has not shown the alleged discrimination was "carried on under color of any law, statute, ordinance, or regulation; or . . . under color of any custom or usage required or enforced by the officials of the State or political subdivision thereof." *See* 42 U.S.C. §§ 2000a(d). Further, Plaintiff presents no evidence that the defendants discriminated against him on a prohibited basis, or that Plaintiff falls into a

---

[1] Plaintiff has been advised, repeatedly, that not every personal slight imposed by others in the course of his day, rises to the level of actionable conduct. Even if an act truly is actionable, *this does not mean that it arises within the jurisdiction of the Federal Court*. **Once again, to state a claim under 42 U.S.C. § 1983, there must have an action that violates the United States Constitution or federal law and taken by a person acting under color of state law.** Generally, people working at stores, hospitals, restaurants, doctors' offices, movie theaters, bowling alleys, taxi services, bus services, hotels, apartment complexes and ambulances, do not act under color of authority. Plaintiff's repeated attempts to vindicate every perceived insult, belittles the work of this Court and wastes its very limited resources and, more importantly, it forces the Court to spend time on his frivolous claims while setting aside claims that actually raise federal court questions.

protected class. Therefore, the Court recommends Plaintiff's claim for a violation of Title II be dismissed.

## VI. FINDINGS AND RECOMMENDATIONS

Plaintiff fails to demonstrate the defendants acted with a specific discriminatory intent, as required by 42 U.S.C. §§ 1983, and 2000a. Rather, Plaintiff provides only the conclusion that the pharmacy failed to fill his prescriptions because he is white, and the ambulance workers treated him a little roughly because he was a male. Moreover, Plaintiff fails to demonstrate causal relationship between the *defendant's* conduct and the injury allegedly suffered. *See Johnson*, 588 F.2d at 743.

Based upon the facts set forth in the Complaint, it does not appear the deficiencies can be cured by amendment. Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint. *See Lopez*, 203 F.3d at 1130 (requiring leave to be granted to the extent deficiencies can be cured by amendment).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**; and
2. Plaintiff's complaint be **DISMISSED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 5, 2012__   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE